

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

nhct
01-cv-71
Underhill

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of July, two thousand and four.

PRESENT:
　　　　HON. ROGER J. MINER,
　　　　HON. CHESTER J. STRAUB,
　　　　　　　　*Circuit Judges*,
　　　　HON. SANDRA J. FEUERSTEIN,
　　　　　　　　*District Judge*.*



---

JEFFREY NEGRON,

　　　　　　　　*Plaintiff-Appellant*,

　　　　　　　　　　　　　　　　　　　　　　　**SUMMARY ORDER**
　　　v.　　　　　　　　　　　　　　　　　　　　No. 03-9253

REXAM INC., RONALD CANTY, TODD KNEAS and RICHARD DINICOLA,

　　　　　　　　*Defendants-Appellees*.

---

Appearing for Appellant:　　　Craig T. Dickinson, Madsen, Prestley & Parenteau, LLC, Hartford, CT

Appearing for Appellee:　　　David A. Ryan, Jr., Ryan & Ryan, LLC, New Haven, CT

---

\* The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: 7/23/04

*Negron v. REXAM Inc.*, No. 03-9253
Page 2

---

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

---

Plaintiff-Appellant Jeffrey Negron appeals from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*) entered September 18, 2003, granting Defendant-Appellee Rexam Cosmetic Packaging Co., Inc.'s ("Rexam") motion for summary judgment on Negron's claims, under 42 U.S.C. § 1981, of racial discrimination and retaliation.[1] On appeal, Negron asserts that there are genuine issues of material fact as to whether he was subject to a hostile work environment and whether his supervisors at Rexam retaliated against him for complaining about incidents of racial discrimination.

We review the District Court's grant of summary judgment to Rexam *de novo* and construe the evidence in the light most favorable to Negron, drawing all reasonable inferences in his favor. *See Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir. 2002). Summary judgment is appropriate only in those cases where there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Having reviewed the record, we affirm for substantially the reasons stated by the District Court.

"In order to survive summary judgment on a claim of hostile work environment

---

[1] Although the individual defendants, Ronald Canty, Todd Kneas and Richard DiNicola, still appear in the official caption, Negron dismissed the claims against those defendants in a stipulation of partial dismissal filed on February 6, 2003.

harassment, a plaintiff must produce evidence that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted). The District Court held that the racial harassment alleged by Negron "was not so pervasive or consistent or even intense that a reasonable jury could find that there was a hostile work environment." We agree that Negron's allegations—that on a handful of occasions his coworker addressed him using a racial epithet, including once over the loudspeaker—are insufficient to establish a hostile work environment. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 767-68 (2d Cir. 1998) (explaining the "variety of factors" that inform the hostile work environment inquiry including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance'") (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).

The District Court also determined that Negron's "retaliation claim fails primarily because there's not been an adverse employment action taken in response to a complaint of racial harassment." We have not limited the definition of an "adverse employment action" to instances of "job termination or reduced wages or benefits." *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). In some cases, "less flagrant" forms of reprisals, including "unchecked retaliatory harassment, if sufficiently severe, may constitute adverse employment action." *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir. 1999). Nevertheless, we agree with the District Court that, although the posting of the photographs was humiliating to Negron, no reasonable jury could find that the incident resulted in a "materially

*Negron v. REXAM Inc.*, No. 03-9253
Page 4

adverse change in the terms and conditions of [his] employment." *Id.* (internal quotation marks omitted). Negron's other allegations of retaliation are also insufficient to meet this standard.

We have considered all of Negron's other arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

        FOR THE COURT:

        ROSEANN B. MACKECHNIE, CLERK

*Lucille Carr*       7/1/04

BY:                            DATE: